IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:04CR00072 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **STEVEN WINFIELD TOMERSHEA,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Steven Winfield Tomershea, Pro Se Defendant.*

The defendant, proceeding pro se, filed a pleading styled as a "MOTION FOR RECONSIDERATION IN LIGHT OF 'SIMMONS.'" Because the defendant argued that his criminal sentence was illegal as imposed, the court construed his submission as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). After reviewing the defendant's submissions and the record, I will summarily dismiss Tomershea's § 2255 motion as untimely filed and without merit.

I

Steven Winfield Tomershea pleaded guilty on April 5, 2005, pursuant to a written plea agreement, to conspiracy to manufacture, possess with intent to distribute and distribute 500 grams or more of methamphetamine (Count One); and

manufacturing methamphetamine (Count Two). The presiding judge found Tomershea's guilty plea to be valid.

Tomershea's Presentence Investigation Report ("PSR") found that under the U.S. Sentencing Guidelines Manual ("USSG."), as stipulated in the parties' Plea Agreement, Tomershea should be held accountable for at least 50 grams of methamphetamine for a Base Offense Level of 38, with a three-level increase for creating a substantial risk of harm to human life and a four-level increase for his leadership role in the offense, resulting in an Adjusted Offense Level of 43, the highest possible. A three-level reduction for acceptance of responsibility brought Tomershea's Total Offense Level to 40.

The PSR also reported that Tomershea had six criminal history points, resulting in a Criminal History Category IV and an advisory custody range of 360 months to life in prison. At sentencing, the presiding judge adopted the findings of the PSR without objection and sentenced Tomershea to 360 months imprisonment on Count One, to run concurrently with a ten-year sentence on Count Two. Tomershea did not appeal the July 19, 2005 Judgment.

Tomershea filed the instant motion on April 3, 2012, which the court received and docketed on April 11, 2012. In his motion, Tomershea argues that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), the court erroneously

assigned criminal history points for prior convictions on which Tomershea was sentenced to less than one year in prison. Tomershea asserts that these improper points caused his sentence to be higher than allowed by law and that he must be resentenced.

By order entered May 3, 2012, the court advised Tomershea of the provisions of § 2255 and the fact that the court could summarily dismiss his § 2255 motion if it was untimely, and granted Tomershea an opportunity to object to the consideration of his motion under § 2255. The order also warned Tomershea that if he did not object, the court would address his submission as a § 2255 motion. Tomershea submitted a response, stating that he was entitled to relief under § 2255(f)(3) and that his case warranted appointment of counsel. I find that his motion is properly considered as his initial § 2255 motion.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). If the district court gives the defendant notice that the motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Tomershea's § 2255 motion is clearly untimely under § 2255(f)(1). His conviction became final on August 2, 2005, when his ten-day opportunity to appeal the Judgment expired. *See* Fed. R. App. P. 4(b)(1)(A) (prior version). Tomershea's one-year window to file a timely motion under § 2255(f)(1) expired on August 2, 2006, and his § 2255 motion was not filed within that time period.

Tomershea argues that his § 2255 motion is timely under § 2255(f)(3), based on the *Carachuri-Rosendo* and *Simmons* decisions. On its face, this argument fails. Tomershea did not file his § 2255 motion within one year of the Supreme Court's decision in *Carachuri-Rosendo*, which issued on June 14, 2010. The United States Court of Appeals for the Fourth Circuit's decision in *Simmons* also cannot trigger calculation of Tomershea's filing period under § 2255(f)(3), since this section by its own terms applies only to rights newly recognized by United

States Supreme Court decisions. Thus, Tomershea fails to demonstrate that his § 2255 motion is timely under § 2255(f)(3) and the case law he cites.

Moreover, Tomershea's claims in this § 2255 action are without merit. Tomershea misinterprets the *Carachuri-Rosendo* and *Simmons* decisions as creating a rule that no defendant's sentence may be increased, based on any prior conviction for which he was sentenced to less than one year. In fact, these decisions held that hypothetical aggravating factors cannot be considered when calculating the maximum punishment a defendant could have received for a prior conviction. *Carachuri-Rosendo*, 130 S. Ct. at 2587 n. 12 ("a recidivist finding [can] set the maximum term of imprisonment, but only when the finding is a part of the record of conviction") (internal quotation marks and citation omitted); *Simmons*, 649 F.3d at 246-47 (same, applying *Carachuri-Rosendo* to overrule prior interpretation of a North Carolina sentencing scheme in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005)).

The calculation of Tomershea's criminal history points did not fall afoul of the holdings in *Carachuri-Rosendo* or *Simmons*. First, Tomershea received points for prior convictions under the state criminal codes of Massachusetts and Tennessee. Thus, the *Simmons* analysis of the North Carolina criminal sentencing scheme has no bearing on Tomershea's case. Second, Tomershea did not receive any criminal history point based on a maximum sentence calculated by use of

hypothetical aggravating factors, as prohibited under *Carachuri-Rosendo*.[1] Therefore, Tomershea's § 2255 claim that his sentence is illegal under these decisions is without merit. Moreover, I have reviewed Tomershea's PSR and find that his six criminal history points were properly calculated.

III

For the stated reasons, I find that Tomershea's § 2255 motion must be summarily dismissed as untimely filed and without merit.

A separate Final Order will be entered herewith.

DATED: June 25, 2012

/s/ James P. Jones
United States District Judge

---

[1] A defendant receives criminal history points for prior convictions, as follows:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

USSG § 4A1.1(a)-(c). Tomershea received his criminal history points under § 4A1.1(b) or (c), based on the actual sentence of imprisonment he received or the term of probation imposed for each of the five prior convictions at issue. *See* PSR ¶¶ 33-37.